# Trueblood v. Bornstein

*Samuel J. Trueblood* and *Jerry Zaslow*, for plaintiff.

*Richard R. Block*, for defendants.

MOSS, *J.*, July 2, 1979—Contractor, Trueblood Construction Company and owners, Barry A. Bornstein and Victoria F. Bornstein, entered into a written contract in standard form of the American Institute of Architects (AIA) for the building of a house for the owners. The contract had general conditions of which section 7.9 provided:

"All claims, disputes . . . between the contractor and the owner arising out of, or relating to, the contract documents or the breach thereof . . . shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association . . . The award rendered by the arbitrators shall be final and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof."

A dispute did arise as to the work required to be done pursuant to the contract, and the contractor did make a demand with the American Arbitration Association for arbitration.

Richard E. Devine was selected as arbitrator. After a hearing, he allowed the claim of the Trueblood Construction Company, the contractor, against Barry A. Bornstein and Victoria F. Bornstein, his wife, in the sum of $12,965.59.

The owners petitioned the Court of Common Pleas of Philadelphia County, Pennsylvania, to vacate the award. The principal thrusts of the petition are:

(1) That the arbitrator violated the A.A.A. rules by failing to reveal to the Association and to the parties the substantial contacts he had with the owners;

(2) That the arbitrator was partial;

(3) That the arbitrator abused his discretion by failing to continue the hearing.

On the other hand, the contractor petitioned to confirm the arbitration award.

The A.A.A. Construction Industry Arbitration Rules sec. 19 provide that: "A person appointed as a neutral arbitrator shall disclose to the A.A.A. any circumstances likely to affect his impartiality. . . . A.A.A. shall communicate such information to the parties. . . . Thereafter, the A.A.A. shall determine whether the arbitrator should be disqualified."

Richard E. Devine, who was appointed arbitrator, before proceeding to arbitrate the case, recalled having a previous dealing with the owners. He had a claim in the sum of several hundred dollars which Bornstein did not pay. Mr. Devine did

not disclose these facts to A.A.A., although he denied on deposition that he had any hard feelings against Bornstein.

The representive of A.A.A. testified that A.A.A. would have suggested that any prospective arbitrator not accept the appointment if he had prior dealings with a party.

"'Common law arbitration may be reviewed only for fraud, misconduct, corruption, or other such irregularity which caused the arbitrator to render an unjust, inequitable and unconscionable award.'" Reisman v. Ranoel Realty Co., 224 Pa. Superior Ct. 220, 223, 303 A. 2d 511 (1973).

The failure of the arbitrator to comply with the rules under which he was appointed and his failure to notify A.A.A. or the parties to the arbitration of his former unpleasantness (evidently unresolved) with one of the parties to the arbitration we deem to be such misconduct or irregularity as to render the award unsupportable for possible inequity, notwithstanding that proof of corruption of the arbitrator was not established. This arbitrator's impartiality was contested before the hearing; he declined to disqualify himself; he declined to grant a continuance requested by the owners (although it may be that the owners failed to show legal grounds for a continuance).

Under the circumstances disclosed herein, we are satisfied that the arbitrator's award should not be confirmed, but should be vacated.

## ORDER

And now, July 2, 1979, the rule to show cause why an arbitration award should not be confirmed is discharged.